**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**June 9, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON KETZNER,

    Defendant - Appellant.

No. 24-1458
(D.C. No. 21-CR-00036-GPG-JMC-1)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **FEDERICO**, **BALDOCK**, and **MURPHY**, Circuit Judges.[**]

_____

After a grand jury indicted Jason Ketzner of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), Ketzner moved to dismiss the indictment, challenging the statute on Second Amendment grounds. The district court denied Ketzner's motion, concluding Tenth

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Circuit precedent foreclosed such a challenge. Ketzner entered a conditional guilty plea without a plea agreement, reserving his right to appeal the denial of the motion to dismiss. And indeed, Ketzner raises one issue on appeal, which is the same constitutional challenge previously raised. But we cannot ignore our recent decision to reaffirm the constitutionality of § 922(g)(1). *See Vincent v. Bondi*, 127 F.4th 1263, 1265–66 (10th Cir. 2025). Applying this precedent, as we are bound to do, we thus exercise jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

Entered for the Court

Richard E.N. Federico
Circuit Judge